| iPLOTKIN, Judge,
dissenting.
Although I have grave concerns regarding the constitutionality of La.R.S. 23:1271A(3) as it is applied by the majority to this pro se litigant, the issue of constitutionality, which has not been, briefed, argued, or considered by the trial court, is not properly before this Court. Regardless, I disagree with the majority’s conclusion that its interpretation of La.R.S. 23:1271A(3) is necessary to avoid rendering the statute nugatory. Moreover, I do not believe the majority’s interpretation is warranted under the circumstances of this ease.
The legislature has clearly disfavored the compromise of workers’ compensation claims and has enacted strict governing statutes consistent with the paternalistic goals of the statutory scheme. However, under the circumstances of this case, I believe that remand for administrative determination of whether the six-month period required by LSA-R.S. 23:1271(3) had elapsed when the settlement was confected is unnecessary and inappropriate at this stage of the proceedings.
As discussed by the majority, LSA-R.S. 12:1271 provides conditions precedent to the confection of a lump sum payment or compromise settlement of a workers’ compensation claim. Whether the third condition — the expiration of six months after termination of temporary total disability — was satisfied is unclear from the record. However, claimant Reeves attempted to waive this requirement through the clear language of the compromise agreement.
hThe legislature has determined that any settlement of a workers’ compensation claim must be judicially approved to protect workers from the pressure to settle imprudently. Under LSA-R.S. 23:1272, the hearing officer must approve a compromise agreement if he finds that the agreement is fair, equitable, and consistent with the workers’ compensation statutes. If approved, the compromise may thereafter be set aside only for fraud or misrepresentation.
LSA-R.S. 23:1271A(3) appears within the context of a statute intended to regulate compromise and lump sum payment based on the final discharge and release of the employer from all liability under the workers’ compensation law. The majority interprets the vague language of LSA-R.S. 23:1271A(3) that requires the “expiration of six months after termination of temporary total disability” as a mandate directing that all settlements be allowed only after strict compliance with this subsection. After interpreting LSA-R.S. 23:1271A(3) in this manner, the majority then resolves the resulting conflict between LSA-R.S. 23:1271 and LSA-R.S. 23:1272 by noting that the approval process of the second subsection is distinct from the *1118 requisites for approval imposed by the first subsection.
As the majority points out, the express wording of the statute requires that no compromise be entered until six months after the “termination of total temporary disability,” not the termination of total temporary disability benefits. However, the statute contains no standards for determining when total temporary disability ends. Moreover, some injuries to workers which are clearly covered under the workers’ compensation statutes never result in “total temporary disability.” Under the majority’s interpretation, may such workers compromise their claims at any time, or are they forever prohibited from compromising their claims? The effect of LSA-R.S. 23:1271A(3), if interpreted as essential to the compromise of all compensation claims, is unclear in such a situation, which arises frequently under the workers’ compensation statutes.
I ?,One implication of the majority’s interpretation of these sections is the necessity of remanding all cases challenging compensation settlements in which the chronology of settlement is unclear to determine whether the provisions of LSA-R.S. 23:1271A(3) was satisfied at the time the compromise was approved. I disagree. The disinterested review of proposed compromise agreements for fairness, equity, and general consistency with the aims of the statutory scheme, as well as the further opportunity to challenge an approved compromise for fraud or misrepresentation, effectively shields workers from the pressure to settle imprudently and ensures substantial justice between the parties. Instead, I believe it more in keeping with public policy generally and the workers’ compensation scheme specifically that the compromise of a compensation claim, which appears validly confected on its face, and which has been approved as fair and equitable, be set aside only for fraud or misrepresentation.
Another implication of the majority’s opinion is that it limits the authority of hearing officers to approve a compromise agreement that is otherwise fair and equitable if the time period established by LSA-R.S. 23:1271A(3) has not passed, even if the claimant has waived the benefit of the period, because the compensation claimant’s waiver is always considered contra bonos mores. This result may actually be detrimental to the workers’ compensation claimant who may be in necessitous circumstances because of his injury and his inability to work. Thus, I do not believe that public policy necessarily opposes the efficient and fair compromise of a claim between a necessitous claimant and a employer settling in good faith. Instead, I believe that the hearing officer is in the best position to safeguard against potential inequity; the six month period neither talismani-cally ensures justice by its lapse nor does its absence overshadow all other equities. Additionally, it is in the strict curtailment of a necessitous claimant’s right to compromise that my constitutional concerns arise.